## Neshaminy School District *v.* Joseph Saba.
## Joseph Saba, Appellant.

Argued October 7, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Donald B. McCoy,* with him *Dean & McCoy,* for appellant.

*Thomas J. Profy, III,* with him *George T. Kelton,* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellee.

Opinion by Judge Crumlish, Jr., December 8, 1975:

An unfortunate set of circumstances brings this tax assessment appeal from the Court of Common Pleas of Bucks County before us. On December 17, 1974, after hearing, but prior to the notes of testimony being transcribed, the lower court entered an order without opinion, sustaining the Neshaminy School District's appeal from the tax assessment of certain properties owned by Joseph Saba, Appellant. That order essentially encompassed three findings, to wit: 1) that the fair market value of the premises, as affected by the so-called Act 515 covenant entered into between the property owners and the County pursuant to the Act of January 13, 1966, P. L. (1965) 1292, *as amended*, 16 P.S. §11941 et seq.[1] was $731,000.00; 2) that the ratio of assessed to fair market value applied throughout the taxing district was 25%; and 3) that accordingly the assessment of the subject premises was fixed at $182,750.

Following entry of that order, Appellant brought an appeal to this Court without serving notice of the appeal on either the court reporter or the trial judge. The trial court was indeed placed in a precarious position by Ap-

---

1. 16 P.S. §11943 states:

"All counties of the first, second, second A, third or fourth class are hereby authorized to enter into covenants with owners of land designated as farm, forest, water supply, or open space land on an adopted municipal, county or regional plan for the purpose of preserving the land as open space. Such covenants and extensions thereof shall take effect upon recording in the office of recorder of deeds. The land owner may voluntarily covenant for himself and his successors and assigns in right, title and interest that the land will remain in open space use as designated on the plan for a period of ten years commencing with the date of the covenant. The county shall covenant that the real property tax assessment, for a period of ten years commencing with the date of the covenant, will reflect the fair market value of the land as restricted by the covenant. The board to which assessment appeals are taken shall take into consideration the covenant's restriction upon the land in fixing the assessment."

pellant's failure to notify the court of the basis of the appeal, yet the lower court has admirably produced a thorough memorandum opinion in response to the appeal, thus completing the record for our review.

We have carefully scrutinized the record in light of the issues raised by Appellant with respect to the failure of School District to meet its burden of proof and possible disregard of relevant and credible testimony, and find Appellant's position to be without merit.

The sole disquieting issue which we must address is the error in mechanical calculation of the assessment on the part of the trial judge in entering his order. Facts relevant to disposition of this issue are as follows: In an attempt to establish an appraised value of the tract, the School District's valuation expert, an experienced and well-qualified real estate broker and appraiser, appraised the premises at $860,000.00, a rate of $8,000.00 per acre as unaffected by the Act 515 convenant. He further testified that considering the value depressing effect of the Act 515 covenant, the appraisal would be $688,000. This testimony was accepted as more credible than that of Appellant, who was the sole valuation witness on his own behalf and whose valuation estimate was only $500,000.00 Unfortunately, the trial judge in preparing his order used his own notes and recollection of the School District's expert's testimony because the notes of testimony had not yet been transcribed. It appears that these notes stated that the expert had testified to a *gross or unreduced* fair market value of $860,000.00 with a discounting factor of 15% in light of the Act 515 covenant. In fact, as the notes of testimony now of record do reflect, the expert had testified to an effective figure of $688,000.00 which indicates that he gave a 20% reduction factor to the Act 515 covenant.

Upon this state of the record, we have little difficulty in concluding that the trial judge had fully intended to give effect to the expert's opinions and that he never in-

tended to find values in excess of the figures to which the expert testified. The hasty appeal in this matter has thwarted any attempt which the lower court might have undertaken to correct this purely mathematical, mechanical error in computation of the judge's order. We can see no other course than to modify the order to the extent that the value of the subject premises be computed at $688,000.00, rather than $731,000.00, thus giving an assessed value of $172,000 rather than $182,750.00. In doing so we merely conform the mathematical computations to reflect the proper state of the record.

Having found no error warranting reversal, we hereby affirm and modify the order of the court below.

Affirmed and modified.